UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL PERRIER, SR., ET AL.                         CIVIL ACTION

VERSUS                                            NO: 14-490

SHELL OIL CO., ET AL.                             SECTION: "A" (5)

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by the plaintiffs Paul Perrier, Sr., et al. Defendants Weber Marine, LLC and Cooper/T. Smith Stevedoring Co. oppose the motion. The motion, noticed for submission on April 23, 2014, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED.

### I.   Background

Plaintiffs filed this lawsuit in state court to recover for injuries that Paul Perrier, Sr. allegedly sustained when he fell from a crew boat owned by Weber Marine. (Rec. Doc. 1-1, Petition ¶ 6). That incident allegedly occurred on November 11, 2012. (*Id.*). In the same petition, Perrier joined a Jones Act claim against his employer, Cooper/T. Smith, for an unrelated incident that occurred on January 3, 2013. (*Id.* ¶¶ 6 & 9). Plaintiffs sought a trial by jury for all claims. (*Id.* ¶ 13).

The law has been well-settled in that maritime claims are not removable to federal court unless subject matter can be established on some basis other than admiralty jurisdiction. Weber Marine nonetheless removed the action to this Court on March 5, 2014, contending that the law has changed and that claims based on general maritime law are now removable to federal court. (Rec. Doc. 1 ¶ 4).

Plaintiffs now move to remand the case to state court arguing that under the law in this circuit none of the claims that they pleaded are removable.

## II. Discussion

The Court begins its analysis with Perrier's Jones Act claim against Cooper/T. Smith. A properly pleaded Jones Act claim is not removable unless the defendant can successfully establish fraudulent joinder. *See Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995) (citing *Johnson v. ODECO Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989); 46 App. U.S.C. § 688; 28 U.S.C. § 1445(a)). Fraudulent joinder in any context imposes a heavy burden on the defendant claiming it. *Smallwood v. Ill. Cent. R.R.*, 352 F.3d 220, 222 (5th Cir. 2003) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)). While the court may employ a "summary judgment-like procedure" to dispose of the assertion that the Jones Act claim was fraudulently pleaded, the court should refrain from pre-trying the case in order to determine removal jurisdiction. *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir. 1999) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995)). The court must resolve all disputed facts and ambiguities in current substantive law in the plaintiff's favor, and the court can deny remand only if it determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits. *Id.* at 345-46.

Although Cooper complains of the paucity of Perrier's factual allegations pertaining to the Jones Act claim, Cooper does not claim or cite any authority for the proposition that Perrier's state court pleading was deficient under Louisiana's fact pleading rules. *See* La. Code of Civ. Pro. art. 891. Nothing on the face of the pleading forecloses seaman status, and none of the facts alleged contradict the claim of seaman status. Cooper argues, however, that Perrier simply must be covered by the LHWCA. Cooper's arguments are unsupported by any affidavits or declarations of any kind. Thus, all Cooper has provided is argument by counsel,

2

which does not constitute evidence, and which taken alone is not sufficient to pierce the pleadings.[1] Cooper has not met its heavy burden of demonstrating that Perrier has no reasonable possibility of establishing a Jones Act claim on the merits. The Jones Act claim is therefore not removable.

The Court will assume <u>without deciding</u> that joining the completely unrelated Jones Act and general maritime law claims together in the same petition would constitute an improper cumulation of actions under state law, and therefore would not prejudice whatever removal rights that Weber Marine might have.

Plaintiffs' claims against Weber Marine are brought under general maritime law. The petition presents no claims arising under federal law and the parties are not of diverse citizenship. The law in this circuit has been unequivocally clear since at least 1991 when the Fifth Circuit issued its *Dutile* decision, that general maritime law claims brought in a state court are not removable under either 28 U.S.C. § 1331 (original federal question jurisdiction) or 28 U.S.C. § 1333[2] (original admiralty and maritime jurisdiction). *In re Dutile*, 935 F.2d 61 (5th Cir. 1991). As explained in *Dutile*, admiralty cases filed in state court are only removable if the case includes a jurisdictional basis independent of the Court's admiralty and maritime jurisdiction, *i.e.*, diversity of citizenship. In 2011 Congress amended parts of 28 U.S.C. § 1441, and in particular changed the verbiage of the forum defendant prohibition that

---

[1] The facts that Cooper attempts to argue in its memorandum are presumably those of which Cooper's principals would have had first-hand knowledge. Therefore, even though Cooper notes its own lack of discovery on the seaman status issue, the fact-based arguments that Cooper makes would be impossible for Plaintiffs to address without their own discovery.

[2] Admiralty, Maritime and Prize Cases
The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, **saving to suitors** in all cases all other remedies to which they are otherwise entitled.

28 U.S.C.A. § 1333(1) (West 2006) (emphasis added).

precludes removal when the case includes a forum or in-state defendant.[3] Weber Marine takes the position that the 2011 amendment to the forum defendant rule in 28 U.S.C. § 1441 effected a change in the law such that admiralty cases are now removable to federal court in their own right even in the absence of an independent jurisdictional basis.

> Prior to the amendments of 2011, the forum defendant rule read as follows:
>
> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought**.

28 U.S.C.A. § 1441(b) (West 2006) (emphasis added). Because admiralty claims do not arise under "the Constitution, treaties or laws of the United States," *see Romero v. Int'l Term. Oper. Co.*, 358 U.S. 354 (1959), the reference to "any other such action" applied to admiralty and diversity cases.

The 2011 amended version of the forum defendant rule now specifically refers to diversity cases:

> A civil action otherwise **removable solely on the basis of the jurisdiction under section 1332(a) of this title** may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

---

[3] Section 1441 provides the statutory framework for the removal of a civil action. The threshold requirement for removal is *original* subject matter jurisdiction. 28 U.S.C.A. § 1441(a) (West 2006 & Supp. 2013). But even where subject matter jurisdiction is satisfied, the case is not necessarily removable to a federal court when jurisdiction is grounded on something other than a federal question. In particular, when original jurisdiction is grounded on diversity of citizenship a case is nonetheless not removable if any properly joined defendant is a citizen of the forum state. *Id.* § 1441(b)(2). Prior to 2011, the same limitation applied in admiralty cases. But because admiralty cases brought at law can only be removed based on diversity of citizenship and not based on admiralty jurisdiction, the only maritime cases actually affected by the pre-2011 forum defendant rule were those that fell within the court's exclusive admiralty jurisdiction. *See In re Dutile*, 935 F.2d at 63.

28 U.S.C.A. § 1441(b)(2) (West 2006 & Supp. 2013) (emphasis added).

Facially speaking, it is difficult to discern how the foregoing change in verbiage—which again pertains only to the forum defendant rule—altered the long-held understanding that admiralty claims brought at law in state court pursuant to the saving to suitors clause are not removable in the absence of an independent jurisdictional basis.[4] Of course, Weber Marine's argument is not grounded directly on the text of 28 U.S.C. § 1441. Rather, Weber Marine contends that the reasoning in *In re Dutile* rested on the "[a]ny other such action" language from the pre-2011 forum defendant rule, and now that the language has been removed, *Dutile* has lost its underpinnings.

Weber Marine is of course correct. The holding in *Dutile* did rest on the pre-2011 forum defendant rule. The fallacy of Weber Marine's argument lies in the fact that *Dutile* is *not* the source of the diversity requirement for removing maritime cases, at least not those validly brought at law pursuant to the saving to suitors clause. The diversity requirement for savings clause cases long pre-dated *Dutile* as recognized by the panel in its discussion of the Supreme Court's *Romero* decision. Although *Dutile* does discuss the diversity requirement, the admiralty claim in *Dutile* was held to be non-removable because the removing defendant was a citizen of the forum state. 935 F.2d at 62-63. The result in *Dutile* was particularly important because *Dutile* involved an in rem claim against a vessel, which is a claim within the federal courts' exclusive admiralty jurisdiction. Because an in rem claim against a vessel cannot be brought at law, the saving to suitors clause of 28 U.S.C. § 1333(1) was not implicated in that case.[5] The specific holding of *Dutile* then, and the one that did in fact

---

[4] The saving-to-suitors clause of 28 U.S.C. § 1333(1) allows state courts to exercise concurrent jurisdiction at law over maritime claims. *See In re Dutile*, 935 F.2d at 62 n.1.

[5] Weber Marine's position with respect to the amended § 1441 fails to recognize that the real source of the impediment to removing admiralty cases brought at law is the saving to suitors

hinge on the old language of § 1441(b), is that a case that falls within the exclusive admiralty jurisdiction of a federal court cannot be removed to federal court if the forum defendant rule would be violated. The evisceration of that holding, which again is the specific holding that *did* rest on the pre-2011 language of § 1441(b), does nothing to alter the pre-*Dutile* law regarding the diversity requirement for the removal of maritime cases that are validly brought in state court pursuant to the saving to suitors clause.[6]

In sum, this Court does not agree that the 2011 amendments to § 1441 eliminated the long-held requirement of diversity jurisdiction in saving cases filed in state court. This Court is certain that if Congress had intended to open the federal courts to an entirely new class of cases that had historically been excluded "we can hardly suppose that it would have failed to use some appropriate language to express that intention." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941). Until Congress passes legislation that alters the way the Fifth Circuit and the Supreme Court have previously interpreted the saving to suitors clause, or until those courts reverse direction, this Court remains persuaded that maritime claims brought in state court are not removable in the absence of diversity jurisdiction.[7]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by the

---

clause, not the forum defendant rule.

[6] It seems to the Court that the real motivation underlying the ground swell pertaining to the 2011 amendments to § 1441 is to have the Supreme Court revisit decisions like *Romero*, which had strong dissents, and the Court's interpretation of the saving to suitors clause and what the clause actually guarantees to suitors. None of Weber Marine's arguments are really new because advocates and some legal scholars have been making them for years. In this sense, those advocates are using the 2011 amendments—which again ostensibly have nothing to do with the diversity requirement for removing maritime cases—to re-energize a debate that has been around for years.

[7] The Fifth Circuit may very well be unpersuaded too. *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Circuit 2013).

plaintiffs Paul Perrier, Sr., et al. is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

May 21, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE